**DENY and Opinion Filed June 14, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00489-CV**

**IN RE NEIL NOBLE, Relator**

**Original Proceeding from the County Criminal Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F18-45998-K**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Miskel

Relator's May 22, 2023 petition for writ of mandamus seeks relief from the trial court's order denying his motion to enter judgment for credit for time served. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Relator bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Here, relator has failed to provide sworn or certified copies of every document material to his claim for relief. *See* TEX. R. APP. P. 52.3(k)(1) (stating an appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a)(1) (requiring a relator to file with a petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Although relator included an unsworn "TRAP Rule 52 Certification" stating that he "certif[ies]" and "swear[s]" that all court documents are certified copies and that the other documents are true and exact copies of the original documents, it is insufficient to meet Rule 52's requirements. *See In re Lancaster*, No. 05-23-00381-CV, 2020 WL 3267865, at *1 (Tex. App.—Dallas May 5, 2023, orig. proceeding) (mem. op.) (attorney's unsworn declaration wherein she declared that the facts stated in the declaration were true and correct did not invoke penalty of perjury).

Accordingly, we deny relator's petition for writ of mandamus.


230489f.p05

/Emily Miskel/
EMILY MISKEL
JUSTICE